# Exhibit A

| | |
|---|---|
| **To:** | Robert John Godley (robertgodley@mac.com) |
| **Subject:** | TRADEMARK APPLICATION NO. 78931437 - N/A |
| **Sent:** | 11/10/2006 7:56:46 AM |
| **Sent As:** | ECOM114@USPTO.GOV |
| **Attachments:** | |

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:** 78/931437

**APPLICANT:** Robert John Godley

**\*78931437\***

**CORRESPONDENT ADDRESS:**
ROBERT JOHN GODLEY
134 W 95TH ST APT 2
NEW YORK, NY 10025-6600

**RETURN ADDRESS:**
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

**MARK:**

**CORRESPONDENT'S REFERENCE/DOCKET NO :** N/A

**CORRESPONDENT EMAIL ADDRESS:**
robertgodley@mac.com

Please provide in all correspondence:

1. Filing date, serial number, mark and applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and e-mail address.

## OFFICE ACTION

**RESPONSE TIME LIMIT:** TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE MAILING OR E-MAILING DATE.

**MAILING/E-MAILING DATE INFORMATION:** If the mailing or e-mailing date of this Office action does not appear above, this information can be obtained by visiting the USPTO website at http://tarr.uspto.gov/, inserting the application serial number, and viewing the prosecution history for the mailing date of the most recently issued Office communication.

Serial Number 78/931437

The assigned examining attorney has reviewed the referenced application and determined the following.

## No Conflicting Marks

The Office records have been searched and no similar registered or pending mark has been found that would bar registration under Trademark Act Section 2(d), 15 U.S.C. §1052(d). TMEP §704.02.

**Ornamental Refusal for Class 25**
Registration is refused on the Principal Register because the proposed mark, as used on the specimen of record, is a decorative or ornamental feature of the goods and would not be perceived as a mark by the purchasing public. Trademark Act Sections 1, 2 and 45, 15 U.S.C. §§1051, 1052 and 1127; *See In re Owensâ€'Corning Fiberglass Corp.*774 F.2d 1116, 227 USPQ 417 (Fed. Cir. 1985); *In re David Crystal, Inc.*, 296 F.2d 771, 132 USPQ 1 (C.C.P.A. 1961); *In re Villeroy & Boch S.A.R.L.*, 5 USPQ2d 1451 (TTAB 1987); TMEP §§1202.03 *et seq.*
Although there is no prescribed method or place for affixation of a mark to goods, the location of a mark on the goods "is part of the environment in which the [mark] is perceived by the public and ... may influence how [the mark] is perceived." *In re Tilcon Warren Inc.*, 221 USPQ 86, 88 (TTAB 1984); *see In re Paramount Pictures Corp.*, 213 USPQ 1111, 1115 (TTAB 1982). Thus, where consumers have been conditioned to recognize trademarks in a certain location, as on the breast area of a shirt, ornamental matter placed in a different location is less likely to be perceived as an indication of source. *See* TMEP §1202.03(b). The specimen consists of photos of the goods, and the proposed mark is ornamental as used on the specimen because it appears to simply be decoration on the ties. The mark is placed in a pattern on the front of the tie and as a result, consumers will see the mark as a decorative element of the goods and not as a source indicator.
Applicant may overcome the stated ornamental refusal by doing one of the following, as appropriate:
> (1) submitting evidence that the proposed mark has ***acquired distinctiveness*** of the applicant's goods in commerce under Trademark Act Section 2(f), 15 U.S.C. §1052(f). Evidence may consist of examples of advertising and promotional materials that specifically promote the subject matter for which registration is sought *as a mark*, dollar figures for advertising devoted to such promotion, dealer and consumer statements of recognition of the subject matter as a mark and any other evidence that establishes recognition of the matter as a mark for the goods. *See* TMEP §1202.03(d); or
> (2) submitting evidence that the proposed mark is an ***indicator of secondary source*** or sponsorship for the identified goods. *University Book Store v. University of Wisconsin Board of Regents*, 33 USPQ2d 1385, 1405 (TTAB 1994); *In re Olin Corp.*, 181 USPQ 182 (TTAB 1982). That is, applicant may submit evidence showing that the proposed mark would be recognized as a trademark or service mark through applicant's use of the proposed mark with goods or services *other* than those identified here. *In re Original Red Plate Co.*, 223 USPQ 836, 837 (TTAB 1984). Applicant must establish that, as a result of this use on other goods or services, the public would recognize applicant as the secondary source of, or sponsor for, the identified goods. *See* TMEP §1202.03(c); or
> (3) submitting a ***substitute specimen*** that shows proper non-ornamental trademark use, along with a statement that "the substitute specimen was in use in commerce at least as early as the application filing date", verified with a notarized affidavit or a signed declaration under 37 C.F.R. §2.20. 37 C.F.R. §2.59(a); or

(4) amending the application to seek registration on the ***Supplemental Register***. Trademark Act Section 23, 15 U.S.C. §1091; 37 C.F.R. §§2.47 and 2.75(a); TMEP §§801.02(b), 815 and 816 *et seq*. Although Supplemental Register registration does not afford all the benefits of registration on the Principal Register, it does provide the following advantages:

- The registrant may use the registration symbol ®;
- The registration is protected against registration of a confusingly similar mark under §2(d) of the

Trademark Act, 15 U.S.C. §1052(d);
- The registrant may bring suit for infringement in federal court; and
- The registration may serve as the basis for a filing in a foreign country under the Paris Convention and other international agreements.

If the applicant chooses to submit a substitute specimen, the applicant should note that examples of acceptable specimens are tags, labels, instruction manuals, containers or photographs that show the mark on the goods or packaging. TMEP §904.04 *et seq.* The applicant must verify, with an affidavit or a declaration under 37 C.F.R. §2.20, that the substitute specimen was in use in commerce at least as early as the filing date of the application. *Jim Dandy Co. v. Siler City Mills, Inc.,* 209 USPQ 764 (TTAB 1981); 37 C.F.R. §2.59(a); TMEP §904.09.

Applicant may wish to hire a specialist attorney to assist in prosecuting this application because of the technicalities involved. The Office cannot aid in the selection of a trademark attorney. 37 C.F.R. §2.11. Applicant may wish to consult the Yellow Pages for a listing of attorneys specializing in trademark or intellectual property law, or seek guidance from its local Bar Association attorney-referral service.

If the applicant has any questions or needs assistance in responding to this Office action, please telephone the assigned examining attorney.

/Brian Neville/
Trademark Examining Attorney
Law Office 114
(571) 272 - 9203

**HOW TO RESPOND TO THIS OFFICE ACTION:**
- ONLINE RESPONSE: You may respond using the Office's Trademark Electronic Application System (TEAS) Response to Office action form available on our website at http://www.uspto.gov/teas/index.html. If the Office action issued via e-mail, you must wait 72 hours after receipt of the Office action to respond via TEAS. **NOTE: Do not respond by e-mail. THE USPTO WILL NOT ACCEPT AN E-MAILED RESPONSE.**
- REGULAR MAIL RESPONSE: To respond by regular mail, your response should be sent to the mailing return address above, and include the serial number, law office number, and examining attorney's name. **NOTE: The filing date of the response will be the *date of receipt in the Office*,** not the postmarked date. To ensure your response is timely, use a certificate of mailing. 37 C.F.R. §2.197.

**STATUS OF APPLICATION:** To check the status of your application, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov.

**VIEW APPLICATION DOCUMENTS ONLINE:** Documents in the electronic file for pending applications can be viewed and downloaded online at http://portal.uspto.gov/external/portal/tow.

**GENERAL TRADEMARK INFORMATION:** For general information about trademarks, please visit the Office's website at  http://www.uspto.gov/main/trademarks.htm

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY SPECIFIED ABOVE.**

PTO Form 1957 (Rev 9/2005)
OMB No. 0651-0050 (Exp. 04/2009)

# Response to Office Action

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 78931437 |
| **LAW OFFICE ASSIGNED** | LAW OFFICE 114 |
| **MARK SECTION (no change)** | |
| **OWNER SECTION (no change)** | |
| **LEGAL ENTITY SECTION (no change)** | |
| **ARGUMENT(S)** | |
| Applicant submits that through applicant's use of the proposed mark with goods or services other than those identified here, based on its use of the mark on other goods, the public would recognize applicant as the source of, or sponsor for, the identified goods, namely ties.<br><br>Nonetheless, applicant submits herewith a substitute specimen. This specimen is the label that is affixed to ties. This specimen is the same as that which has been used at all times with applicant's goods in this class, namely ties. It is submitted that by affixing this lable to the goods in question, namely ties, the location of a mark on the goods is part of the environment in which the mark is perceived by the public and may influence how the mark is perceived. Consumers have been conditioned to recognize trademarks in a certain location, and for ties that includes the label. The specimen is the label which is affixed to the tie and is not ornamental at all. As such, there is no likelihood that consumers will see the mark as a decorative element of the goods and not as a source indicator. ||
| **GOODS AND/OR SERVICES SECTION (018)(current)** | |
| INTERNATIONAL CLASS | 018 |
| DESCRIPTION | |
| Carry-on bags; Duffel bags; Duffel bags for travel; Leather and imitation leather bags; Leather bags, suitcases and wallets; Leather briefcases; Leather cases; Leather handbags; Leather purses; Messenger bags; Overnight bags; Shoulder bags; Small bags for men ||
| FILING BASIS | Section 1(b) |
| **GOODS AND/OR SERVICES SECTION (018)(proposed)** | |
| INTERNATIONAL CLASS | 018 |
| DESCRIPTION | |
| Carry-on bags; Duffel bags; Duffel bags for travel; Leather and imitation leather bags; Leather bags, suitcases and wallets; Leather briefcases; Leather cases; Leather handbags; Leather purses; Messenger ||

| | |
|---|---|
| bags; Overnight bags; Shoulder bags; Small bags for men | |
| FILING BASIS | Section 1(b) |
| **GOODS AND/OR SERVICES SECTION (025)(current)** | |
| INTERNATIONAL CLASS | 025 |
| DESCRIPTION | |
| Bow ties; Canvas shoes; Dress shirts; Golf shirts; Leather shoes; Polo shirts; Running shoes; Sandals; Shirts; Shirts for suits; Short-sleeved or long-sleeved t-shirts; Short-sleeved shirts; Sport shirts; Sweat shirts; T-shirts; Ties ; Track and field shoes; Training shoes | |
| FILING BASIS | Section 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 07/17/2006 |
| FIRST USE IN COMMERCE DATE | At least as early as 07/17/2006 |
| **GOODS AND/OR SERVICES SECTION (025)(proposed)** | |
| INTERNATIONAL CLASS | 025 |
| DESCRIPTION | |
| Bow ties; Canvas shoes; Dress shirts; Golf shirts; Leather shoes; Polo shirts; Running shoes; Sandals; Shirts; Shirts for suits; Short-sleeved or long-sleeved t-shirts; Short-sleeved shirts; Sport shirts; Sweat shirts; T-shirts; Ties ; Track and field shoes; Training shoes | |
| FILING BASIS | Section 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 07/17/2006 |
| FIRST USE IN COMMERCE DATE | At least as early as 07/17/2006 |
| STATEMENT TYPE | "The substitute specimen(s) was in use in commerce as of the filing date of the application." |
| SPECIMEN FILE NAME(S) | |
| ORIGINAL PDF FILE | SPU1-3-38112178251-164326306_._label_example.pdf |
| CONVERTED PDF FILE(S) (1 page) | \\TICRS2\EXPORT12\789\314\78931437\xml2\ROA0002.JPG |
| SPECIMEN DESCRIPTION | Label affixed to a tie |
| **CORRESPONDENCE SECTION** | |
| NAME | Oren J. Warshavsky |
| CONFIRM NAME | Troutman Sanders, LLP |
| STREET | 405 Lexington Avenue |
| CITY | New York |
| STATE | New York |

| ZIP/POSTAL CODE | 10174 |
| --- | --- |
| COUNTRY | United States |
| PHONE | (212) 704-6213 |
| FAX | (212) 704-8356 |
| EMAIL | trademarks@troutmansanders.com |
| AUTHORIZED TO COMMUNICATE VIA E-MAIL | Yes |
| **SIGNATURE SECTION** | |
| DECLARATION SIGNATURE | /ojw/ |
| SIGNATORY'S NAME | Oren J. Warshavsky |
| SIGNATORY'S POSITION | Attorney of Record |
| DATE SIGNED | 05/10/2007 |
| RESPONSE SIGNATURE | /ojw/ |
| SIGNATORY'S NAME | Oren J. Warshavsky |
| SIGNATORY'S POSITION | Attorney of Record |
| DATE SIGNED | 05/10/2007 |
| AUTHORIZED SIGNATORY | YES |
| **FILING INFORMATION SECTION** | |
| SUBMIT DATE | Thu May 10 17:13:04 EDT 2007 |
| TEAS STAMP | USPTO/ROA-38.112.178.251-20070510171304928835-78931437-370b6188d5745ba5cbc37ceadc5ef3b61c4-N/A-N/A-20070510164326306539 |

PTO Form 1957 (Rev 9/2005)
OMB No. 0651-0050 (Exp. 04/2009)

# Response to Office Action
## To the Commissioner for Trademarks:

Application serial no. **78931437** has been amended as follows:
**Argument(s)**

In response to the substantive refusal(s), please note the following:

Applicant submits that through applicant's use of the proposed mark with goods or services other than those identified here, based on its use of the mark on other goods, the public would recognize applicant as the source of, or sponsor for, the identified goods, namely ties.

Nonetheless, applicant submits herewith a substitute specimen. This specimen is the label that is affixed to ties. This specimen is the same as that which has been used at all times with applicant's goods in this class, namely ties. It is submitted that by affixing this lable to the goods in question, namely ties, the location of a mark on the goods is part of the environment in which the mark is perceived by the public and may influence how the mark is perceived. Consumers have been conditioned to recognize trademarks in a certain location, and for ties that includes the label. The specimen is the label which is affixed to the tie and is not ornamental at all. As such, there is no likelihood that consumers will see the mark as a decorative element of the goods and not as a source indicator.

**Classification and Listing of Goods/Services**

**Applicant hereby amends the following class of goods/services in the application as follows:**
Current: Class 018 for Carry-on bags; Duffel bags; Duffel bags for travel; Leather and imitation leather bags; Leather bags, suitcases and wallets; Leather briefcases; Leather cases; Leather handbags; Leather purses; Messenger bags; Overnight bags; Shoulder bags; Small bags for men
Original Filing Basis: 1(b).
Proposed: Class 018 for Carry-on bags; Duffel bags; Duffel bags for travel; Leather and imitation leather bags; Leather bags, suitcases and wallets; Leather briefcases; Leather cases; Leather handbags; Leather purses; Messenger bags; Overnight bags; Shoulder bags; Small bags for men
Filing Basis: 1(b).
**Applicant hereby amends the following class of goods/services in the application as follows:**
Current: Class 025 for Bow ties; Canvas shoes; Dress shirts; Golf shirts; Leather shoes; Polo shirts; Running shoes; Sandals; Shirts; Shirts for suits; Short-sleeved or long-sleeved t-shirts; Short-sleeved shirts; Sport shirts; Sweat shirts; T-shirts; Ties ; Track and field shoes; Training shoes
Original Filing Basis: 1(a).
Proposed: Class 025 for Bow ties; Canvas shoes; Dress shirts; Golf shirts; Leather shoes; Polo shirts; Running shoes; Sandals; Shirts; Shirts for suits; Short-sleeved or long-sleeved t-shirts; Short-sleeved shirts; Sport shirts; Sweat shirts; T-shirts; Ties ; Track and field shoes; Training shoes
Filing Basis: 1(a).
**Section 1(a),** Use in Commerce: The mark was first used at least as early as 07/17/2006 and first used in commerce at least as early as 07/17/2006, and is now in use in such commerce.
Applicant hereby submits a new specimen for Class 025.
The specimen(s) submitted consists of Label affixed to a tie.
For an application based on 1(a), Use in Commerce, "The substitute specimen(s) was in use in commerce as of the filing date of the application."
**Original PDF file:**
SPU1-3-38112178251-164326306_._label_example.pdf
**Converted PDF file(s)** (1 page)
Specimen File1

**Correspondence Address Change**
Applicant proposes to amend the following:

Original: ROBERT JOHN GODLEY 134 W 95TH ST APT 2 NEW YORK, NY 10025-6600
Proposed: Oren J. Warshavsky of Troutman Sanders, LLP, having an address of 405 Lexington Avenue New York, New York United States 10174, whose e-mail address is trademarks@troutmansanders.com, whose phone number is (212) 704-6213 and whose fax number is (212) 704-8356.

**Declaration Signature**
If the applicant is seeking registration under Section 1(b) and/or Section 44 of the Trademark Act, the applicant had a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services as of the filing date of the application. 37 C.F.R. Secs. 2.34(a)(2)(i); 2.34 (a)(3)(i); and 2.34(a)(4)(ii). If the applicant is seeking registration under Section 1(a) of the Trademark Act, the mark was in use in commerce on or in connection with the goods or services listed in the application as of the application filing date. 37 C.F.R. Secs. 2.34(a)(1)(i). The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. §1001, and that such willful false statements may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. §1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; that if the original application was submitted unsigned, that all statements in the original application and this submission made of the declaration signer's knowledge are true; and all statements in the original application and this submission made on information and belief are believed to be true.

Signature: /ojw/    Date: 05/10/2007
Signatory's Name: Oren J. Warshavsky
Signatory's Position: Attorney of Record

**Response Signature**
Signature: /ojw/    Date: 05/10/2007
Signatory's Name: Oren J. Warshavsky
Signatory's Position: Attorney of Record

The signatory has confirmed that he/she is an attorney who is a member in good standing of the bar of the highest court of a U.S. state, which includes the District of Columbia, Puerto Rico, and other federal territories and possessions; and he/she is currently the applicant's attorney or an associate thereof; and to the best of his/her knowledge, if prior to his/her appointment another U.S. attorney or a Canadian attorney/agent not currently associated with his/her company/firm previously represented the applicant in this matter: (1) the applicant has filed or is concurrently filing a signed revocation of or substitute power of attorney with the USPTO; (2) the USPTO has granted the request of the prior representative to withdraw; (3) the applicant has filed a power of attorney appointing him/her in this matter; or (4) the applicant's appointed U.S. attorney or Canadian attorney/agent has filed a power of attorney appointing him/her as an associate attorney in this matter.
Mailing Address:   Oren J. Warshavsky
   Troutman Sanders, LLP
   405 Lexington Avenue
   New York, New York 10174

Serial Number: 78931437
Internet Transmission Date: Thu May 10 17:13:04 EDT 2007
TEAS Stamp: USPTO/ROA-38.112.178.251-200705101713049
28835-78931437-370b6188d5745ba5cbc37cead
c5ef3b61c4-N/A-N/A-20070510164326306539

