UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
                                                           :

GOD, GOLD AND MOORE, LLC, d/b/a        :    Index No. 12-CV-8907 (PKC)
PSYCHO BUNNY,
                                           :    ECF Case
                        Plaintiff,    :

           - against -                   :    **ANSWER AND JURY
                                           :    DEMAND**
NIKE, INC.
and JOHN DOES 1-25,

                      Defendants.   :

------------------------------------------------------------------ x

       Defendants Nike, Inc. ("Nike"), by its attorneys DLA Piper LLP (US), for its Answer to the Complaint of Plaintiff God, Gold and Moore LLC, d/b/a Psycho Bunny ("plaintiff"), hereby allege the following.

       1.     Admits that this is a civil action arising under federal law and that of the State of New York, and, except as so admitted, denies the allegations contained in paragraph 1 of the Complaint.

       2.     Admits that plaintiff purports to seek preliminary and permanent equitable relief, monetary relief, and other remedies under federal and state law, and, except as so admitted, denies the allegations contained paragraph 2 of the Complaint.

       3.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the first, second, and fourth sentences of paragraph 3 of the Complaint. The third sentence of paragraph 3 contains legal conclusions to which no response is required, but to the extent that a response is required, denies the allegations contained in that sentence.

       4.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 4 of the Complaint. The second sentence

of paragraph 4 contains legal conclusions to which no response is required, but, to the extent a response is required, denies the allegations contained in that paragraph.

5. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Admits that beginning in or about 2012, Nike manufactured, advertised, and Nike and certain retailers sold a line of running shirts bearing a design termed "Sinister Hare" by Nike, and, except as so admitted, denies the remaining allegations contained in paragraph 6 of the Complaint.

7. Admits that Nike has sold "Sinister Hare" design running shirts to certain retailers who have, in turn, sold such shirts to the public, and, except as so admitted denies the allegations contained in paragraph 7 of the Complaint.

8. Denies the allegations contained in paragraph 8 of the Complaint.

9. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Admits that Nike is a private, non-governmental business entity organized and existing under the laws of Oregon with its principal place of business at One Bowerman Drive, Beaverton, OR 97005-6453, and, except as so admitted, denies the allegations contained in paragraph 10 of the Complaint.

11. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. The allegations of paragraph 12 of the Complaint are legal assertions to which no response is required. To the extent a response is required, admits the allegations of the first two sentences of paragraph 11 and avers that the Court may and should decline supplemental jurisdiction over plaintiff's non-federal claims.

13. Admits that the Court has personal jurisdiction over Nike.

14. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. Admits the allegations contained in paragraph 15 of the Complaint.

16. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24. Denies the allegations contained in paragraph 24 of the Complaint.

25. Admits that Nike is ranked on the 2012 Fortune 500 list, and reported $6.0 billion in global revenue as of Fiscal Year 2013 Second Quarter, and, except as so admitted, denies the allegations contained in paragraph 25 of the Complaint.

26. Admits that Nike has created a design for running shirts, which it has termed "Sinister Hare" design, further admits that the design includes a stylized head of a hare above two stylized crossbones, but further avers that the design also includes a contrasting-color sweatband on the hare head bearing the iconic, trademarked Nike Swoosh mark; track shoe spikes in lieu of teeth, a running bib below the head in the shape of a rectangle, with a runner's number "001," as typically worn in road and track races, on which there is prominently featured the trademarked NIKE word mark and trademarked Nike "Sunburst" graphic mark, and, except as so admitted, denies the allegations contained in paragraph 26 of the Complaint.

27. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 27 of the Complaint. Denies the allegations contained in the third sentence of paragraph 27.

28. Denies the allegations contained in paragraph 28 of the Complaint.

29. Admits that Nike manufactured and/or caused to be manufactured, and has imported, promoted, advertised, distributed, sold, and/or offered for sale, running shirts bearing the "Sinister Hare" design, both in brick-and-mortar stores and through Nike's e-commerce websites, and, except as so admitted, denies the allegations contained in paragraph 29 of the Complaint.

30. Admits that Nike has sold and/or distributed to certain retailers running shirts bearing the "Sinister Hare" design, and, except as so admitted, denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31. Denies the allegations contained in paragraph 31 of the Complaint.

32. Denies the allegations contained in paragraph 32 of the Complaint.

33. Admits that plaintiff has not assigned or licensed its trademarks to Nike, and, except as so admitted, denies the allegations contained in paragraph 33 of the Complaint.

34. Admits that Nike has not filed an application in the United States Patent and Trademark Office for trademark protection of the "Sinister Hare" design or the word mark "Sinister Hare," and, except as so admitted, denies the allegations contained in paragraph 34 of the Complaint.

35. Denies the allegations contained in paragraph 35 of the Complaint.

36. Denies the allegations contained in paragraph 36 of the Complaint.

37. Denies the allegations contained in paragraph 37 of the Complaint.

38. Admits that Nike received a letter, dated June 7, 2012, from an attorney named James J. McGuire, purporting to represent plaintiff, that the letter is reproduced as Exhibit F to the Declaration of Robert Godley in Support of Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery ("Godley Decl."), and, except as so admitted, denies the allegations contained in paragraph 38 of the Complaint and refers the Court to Exhibit F for the true contents thereof.

39. Admits that the letter received by Nike contained the demands summarized in paragraph 39 of the Complaint, and, except as so admitted, denies the allegations contained in paragraph 39 of the Complaint and refers the Court to Exhibit F for the true contents thereof.

40. Admits that, on or about July 3, 2012, Per Enfield, a contract attorney for Nike, sent a letter to Mr. McGuire, which is accurately reproduced as Exhibit G to the Godley Decl., rejecting the demands asserted by Mr. McGuire, and refers the Court to Exhibit G for the true contents thereof.

41. Admits that Nike received a letter from Mr. McGuire, dated July 6, 2012, which is reproduced as Exhibit H to the Godley Decl., and, except as so admitted, denies the allegations

contained in paragraph 41 of the Complaint and refers the Court to Exhibit H for the true contents thereof.

42. Admits that, on or about August 6, 2012, Mr. Enfield of Nike, sent a letter to Mr. McGuire, again rejecting the demands asserted by Mr. McGuire, which is reproduced as Exhibit I to the Godley Decl., and, except as so admitted, denies the allegations contained in paragraph 42 of the Complaint and refers the Court to Exhibit I for the true contents thereof.

43. Admits, upon information and belief, that plaintiff retained Dr. Philip Zerillo to conduct a trademark confusion survey, avers, upon information and belief, that Dr. Zerillo does not have the requisite expertise to conduct such a survey, further avers, upon information and belief, that the survey conducted by Dr. Zerillo was methodologically unsound in every relevant aspect, including but not limited to (a) sampling the incorrect universe of consumers; (b) failing to accurately depict the Nike "Sinister Hare" design running shirt as it is actually displayed on sale in brick-and-mortar stores and in online stores; and (c) improperly showing respondents a "Psycho Bunny" brand shirt and a "Sinister Hare" design shirt seriatim, when such goods are not so displayed in actual retail environments, further avers that as a result of Dr. Zerillo's lack of expertise and failure to properly design and conduct a trademark confusion survey, his analysis is not probative and is inadmissible as evidence of consumer confusion, and, except as so admitted, denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint.

44. Admits, upon information and belief, that Dr. Zerillo has asserted the existence of confusion between the "Psycho Bunny" word mark and the term "Sinister Hare," and between the "Psycho Bunny" graphic mark and the "Sinister Hare" design, but avers, upon information and belief, that due to Dr. Zerillo's lack of expertise and the many basic methodological flaws in his

survey as set forth in paragraph 43 of this Answer, his conclusions are incorrect, unreliable, and inadmissible.

45. Admits that the survey conducted by Dr. Zerillo made assertions with regard to consumer confusion between the "Psycho Bunny" graphic mark and the "Sinister Hare" design, but avers that, due to Dr. Zerillo's lack of expertise and the many basic methodological flaws in his survey as set forth in paragraph 43 of this Answer, those assertions are incorrect, unreliable, and inadmissible.

46. Admits that the survey conducted by Dr. Zerillo contains the assertion contained in paragraph 46 of the Complaint, but avers that due to Dr. Zerillo's lack of expertise and the many basic methodological flaws in his survey as set forth in paragraph 43 of this Answer, that assertion is incorrect, unreliable, and inadmissible.

47. Admits that the survey conducted by Dr. Zerillo contains the assertions contained in paragraph 47 of the Complaint. but avers that, due to Dr. Zerillo's lack of expertise and the many basic methodological flaws in his survey as set forth in paragraph 43 of this Answer, those assertions are incorrect, unreliable, and inadmissible.

48. Admits that the survey conducted by Dr. Zerillo made contained the assertions and conclusions with regard to consumer confusion alleged in paragraph 48 of the Complaint, but avers that, due to Dr. Zerillo's lack of expertise and the many basic methodological flaws in his survey as set forth in paragraph 43 of this Answer, those assertions and conclusions are incorrect, unreliable, and inadmissible.

49. Repeats the admissions, denials, and averments contained in paragraphs 1 through 48 of this Answer as though fully set forth.

50. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint.

51. Denies the allegations contained in paragraph 51 of the Complaint.

52. Denies the allegations contained in paragraph 52 of the Complaint.

53. Admits that Nike has manufactured or caused to be manufactured, imported, promoted, advertised, distributed, offered for sale and sold running shirts bearing the "Sinister Hare" design, admits, upon information and belief, that certain retailers have been promoting, advertising, distributing, offering for sale and selling such shirts, and, except as so admitted and denied, denies the allegations contained in paragraph 53 of the Complaint.

54. Denies the allegations contained in paragraph 54 of the Complaint.

55. Denies the allegations contained in paragraph 55 of the Complaint.

56. Denies the allegations contained in paragraph 56 of the Complaint.

57. Denies the allegations contained in paragraph 57 of the Complaint.

58. Denies the allegations contained in paragraph 58 of the Complaint.

59. Denies the allegations contained in paragraph 59 of the Complaint.

60. Denies the allegations contained in paragraph 60 of the Complaint.

61. Denies the allegations contained in paragraph 61 of the Complaint.

62. Denies the allegations contained in paragraph 62 of the Complaint.

63. Repeats the admissions, denials, and averments contained in paragraphs 1 through 62 of this Answer as though fully set forth.

64. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint.

65. Denies the allegations contained in paragraph 65 of the Complaint.

66. Denies the allegations contained in paragraph 66 of the Complaint.

67. Admits that Nike has and is advertising, promoting, offering for sale, selling and distributing running shirts bearing the "Sinister Hare" design in this District and throughout the

United States, and, except as so admitted, denies the allegations contained in paragraph 67 of the Complaint.

68. Denies the allegations contained in paragraph 68 of the Complaint.

69. Denies the allegations contained in paragraph 69 of the Complaint.

70. Denies the allegations contained in paragraph 70 of the Complaint.

71. Denies the allegations contained in paragraph 71 of the Complaint.

72. Repeats the admissions, denials, and averments contained in paragraphs 1 through 71 of this Answer as though fully set forth.

73. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint.

74. Denies the allegations contained in paragraph 74 of the Complaint.

75. Denies the allegations contained in paragraph 75 of the Complaint.

76. Denies the allegations contained in paragraph 76 of the Complaint.

77. Denies the allegations contained in paragraph 77 of the Complaint.

78. Denies the allegations contained in paragraph 78 of the Complaint.

79. Denies the allegations contained in paragraph 79 of the Complaint.

80. Denies the allegations contained in paragraph 80 of the Complaint.

81. Denies the allegations contained in paragraph 81 of the Complaint.

82. Denies the allegations contained in paragraph 82 of the Complaint.

83. Repeats the admissions, denials, and averments contained in paragraphs 1 through 82 of this Answer as though fully set forth.

84. Admits that Nike has manufactured, advertised and distributed in commerce, offered for sale and sold a line of shirts bearing the "Sinister Hare" design, and, except as so admitted, denies the allegations contained in paragraph 84 of the Complaint.

85. Denies the allegations contained in paragraph 85 of the Complaint.

86. Denies the allegations contained in paragraph 86 of the Complaint.

87. Denies the allegations contained in paragraph 87 of the Complaint.

88. Denies the allegations contained in paragraph 88 of the Complaint.

89. Denies the allegations contained in paragraph 89 of the Complaint.

90. Denies the allegations contained in paragraph 90 of the Complaint.

91. Denies the allegations contained in paragraph 91 of the Complaint.

92. Repeats the admissions, denials, and averments contained in paragraphs 1 through 91 of this Answer as though fully set forth.

93. Denies the allegations contained in paragraph 93 of the Complaint.

94. Denies the allegations contained in paragraph 94 of the Complaint.

95. Denies the allegations contained in paragraph 95 of the Complaint.

96. Denies the allegations contained in paragraph 96 of the Complaint.

97. Denies the allegations contained in paragraph 97 of the Complaint.

98. Denies the allegations contained in paragraph 98 of the Complaint.

99. Repeats the admissions, denials, and averments contained in paragraphs 1 through 98 of this Answer as though fully set forth.

100. Denies the allegations contained in paragraph 100 of the Complaint.

101. Denies the allegations contained in paragraph 101 of the Complaint.

102. Denies the allegations contained in paragraph 102 of the Complaint.

103. Denies the allegations contained in paragraph 103 of the Complaint.

104. Denies the allegations contained in paragraph 104 of the Complaint.

105. Denies the allegations contained in paragraph 105 of the Complaint.

106. Denies the allegations contained in paragraph 106 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

1. The Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

2. The relief sought by plaintiff is barred, in whole or in part, by the doctrines of fair use, nominative fair use, and/or descriptive use.

**THIRD AFFIRMATIVE DEFENSE**

3. The relief sought by plaintiff is barred by the doctrine of unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiff's claims are barred by laches.

**FIFITH AFFIRMATIVE DEFENSE**

5. Plaintiff's claims are barred by the doctrines of waiver, acquiescence, and estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

6. The relief sought by plaintiff is barred, in whole or in part, by applicable statutes of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

7. The relief sought by plaintiff is barred because plaintiff's damages, if any, were not caused by Nike.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Some or all of the relief sought by plaintiff is barred because plaintiff has failed to establish irreparable injury.

**NINTH AFFIRMATIVE DEFENSE**

9. The alleged injury or damage suffered by plaintiff, if any, would be adequately compensated by damages. Accordingly, plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

## ADDITIONAL DEFENSES

10. Nike reserves the right to assert additional defenses based on information learned or obtained during discovery.

## JURY DEMAND

1. Nike hereby demands a trial by jury as to all issues so triable.

WHEREFORE, Defendant Nike, Inc. requests that the Court enter judgment:

A. Dismissing the Complaint in its entirety with prejudice.

B. Awarding Nike the costs of this action, including, a reasonable attorney's fee and interest as permitted by law.

C. Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
February 11, 2013

                         DLA PIPER LLP (US)

                         By: /s/ Andrew L. Deutsch
                         Andrew L. Deutsch
                         Tamar Y. Duvdevani
                         Melissa A. Reinckens
                         Marc E. Miller
                         1251 Avenue of the Americas
                         New York, NY 10020
                         Tel: (212) 335-4500
                         Fax: (212) 335-4501

                         *Attorneys for Defendant Nike, Inc.*